IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIGUEL ANGEL AYALA-MELENDEZ<br><br>Defendant. | Case: 1:25-mj-00081<br>Assigned To: Judge Harvey, G. Michael<br>Assign. Date: 5/12/2025<br>Description: COMPLAINT W/ARREST WARRANT<br><br>VIOLATION:<br>8 U.S.C. § 1326(a)<br>8 U.S.C. § 1306(a) |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Charles H. Williams, being duly sworn, depose and state:

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), in Fairfax County, Virginia. I have been employed with ICE ERO for 6 years. I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 and Title 18 of the United States Code (U.S.C.).

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 and Title 18 of the U.S.C. and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant for MIGUEL ANGEL AYALA-MELENDEZ (hereafter referred to as AYALA-MELENDEZ), an alien who was found in the United States after being denied admission, excluded, deported, or

removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, in violation of Title 8, U.S.C., Section 1326(a) and 1306(a).

4. 8 U.S.C. § 1326(a) is a criminal offense for any alien who has been removed or deported from the United States to reenter the U.S. without permission, or to attempt to do so, after being previously ordered removed. AYALA-MELENDEZ was removed from the United States to El Salvador on March 1, 2012, following an order of removal issued by a designated official in San Antonio, Texas. A review of records maintained by ICE and Department of Homeland Security (DHS) show that AYALA-MELENDEZ did not receive permission from the Attorney General or the Secretary of Homeland Security to reenter the United States. AYALA-MELENDEZ was encountered in the United States on May 6, 2025, in Washington, DC.

5. 8 U.S.C. § 1306(a) requires certain aliens, including those unlawfully present in the U.S., to register with DHS and notify the agency of any change of address. A review of AYALA-MELENDEZ's immigration records and DHS electronic systems reveals that AYALA-MELENDEZ has never registered with DHS nor submitted a change of address after his unlawful reentry into the United States. Based upon this information, AYALA-MELENDEZ failed to comply with the provisions of 8 U.S.C. § 1306(a).

6. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation. The facts and information are also derived from information provided by other law enforcement agencies to include U.S. Customs and Border Protection, DHS, and record checks of law enforcement databases. This affidavit contains information necessary to support probable cause, but it is not intended to include every fact and matter observed by me or known to the United States.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

7. On or about May 6, 2025, ICE officers located AYALA-MELENDEZ during an enforcement operation in the District of Columbia.

8. ICE performed records checks which confirmed that AYALA-MELENDEZ is a native and citizen of El Salvador who was removed from the United States on or about March 1, 2012, at or near San Antonio, Texas. AYALA-MELENDEZ did not have legal authorization to reenter or remain in the United States.

9. I submitted the fingerprint card relating to AYALA-MELENDEZ's District of Columbia arrest after being removed from the United States. The fingerprint card was electronically processed through ICE indices containing fingerprint records of known and previously deported aliens. Results of this query showed positive matches to AYALA-MELENDEZ with both his Federal Bureau of Investigation (FBI)/Universal Control Number (UCN), and his Alien Registration Number that was issued prior to his removal from the U.S. in 2012.

10. I reviewed AYALA-MELENDEZ's immigration file maintained by U.S. Citizenship and Immigration Services. The file, also known as an Alien File, revealed that AYALA-MELENDEZ is a citizen and national of El Salvador. The file contained an executed Notice to Alien Ordered Removed/Departure Verification Form I-296 bearing the photograph and fingerprint of AYALA-MELENDEZ. This form showed that AYALA-MELENDEZ was removed from the United States on or about March 1, 2012, from San Antonio, Texas.

11. On May 6, 2025, I asked the ICE Homeland Security Investigations (HSI) Forensic Laboratory to compare the following fingerprints:

      (i) AYALA-MELENDEZ's fingerprint on the Notice to Alien Ordered Removed/Departure Verification Form I-296 executed on March 1, 2012;

      (ii) The fingerprints taken after AYALA-MELENDEZ's Washington, District of Columbia arrest on May 6, 2025;

The HSI Forensic Laboratory successfully matched all the submitted fingerprints to AYALA-MELENDEZ's Alien File Number and his FBI number.

    12.    A review of AYALA-MELENDEZ's Alien File reveals that there is no evidence of any immigration benefit, document, or status that would allow him to legally enter, be admitted, pass through, or reside in the United States. Additionally, AYALA-MELENDEZ has not obtained permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his formal removal.

    13.    Furthermore, based on a check of DHS databases, there is no evidence that Ayala-Melendez registered with DHS or updated his address upon his reentry into the U.S. after his removal in 2012 as required by law.

## CONCLUSION

    14.    Based on the foregoing, I submit that there is probable cause to believe that on or about May 6, 2025, in Washington, D.C., within the District of Columbia, Miguel Angel Ayala-Melendez, an alien who was removed from the United States on or about March 1, 2012, at or near San Antonio, Texas, did knowingly and unlawfully re-enter the United States and was found in the United States without the required authorization, violating 8 U.S.C. § 1326(a). Further, AYALA-MELENDEZ has not registered with the United States government as required under 8 U.S.C. § 1306(a), which mandates that Aliens unlawfully present in the United States register with the Department of Homeland Security within 30 days of arrival and notify the government

of any change of address. This failure to register constitutes an additional violation of federal immigration law.

Respectfully submitted,

Charles H. Williams
Deportation Officer
U.S. Immigration and Customs Enforcement

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on may 12, 2025.

_____
The Honorable G. Michael Harvey
United States Magistrate Judge

Washington, D.C.